# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORAINE GOODWIN, | ) | 1:17-cv-01157-AWI-BAM |
| Plaintiff, | ) ) ) | |
| v. | ) ) | SCREENING ORDER GRANTING LEAVE TO AMEND |
| AMAZON SERVICES, LLC, et al., | ) ) ) | THIRTY-DAY DEADLINE |
| Defendants. | ) ) ) | |

Plaintiff Loraine Goodwin ("Plaintiff") proceeds pro se in this civil action. Plaintiff has paid the filing fee. In her complaint, Plaintiff asserts claims of negligence, fraud, unjust enrichment and defamation against Amazon Services, LLC, Amazon.com, Inc. and various doe defendants related to income reported to the Internal Revenue Service.

Plaintiff's Complaint, filed on August 28, 2017, is currently before the Court for screening. For the reasons set forth below, the Court grants Plaintiff leave to amend her complaint.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

**I.     Allegations in Complaint**

Plaintiff alleges that she previously sold goods on Amazon.com in 2012 under the pseudonym "santafairy," but the account was closed in 2012. On or around February 15, 2015, Plaintiff was informed by the Internal Revenue Service ("IRS") that she owed over $24,000 in past taxes and fees/fines for unreported income in 2013. Plaintiff learned that the income was reported to the IRS by Amazon Services, LLC, in the amount of $82,570.

A United States Attorney later sent Plaintiff a list of transactions between Amazon and an unknown person using Plaintiff's name and social security number, but an unknown address in another state. Plaintiff reportedly wrote to the attorney for Amazon Services, LLC, but was told that "they would not do anything to help Plaintiff investigate the matter since they were not involved as a party in the Tax Court lawsuit." Complaint, Doc. 1 at p. 4. Plaintiff contends that

based on Amazon's 1099, the IRS demands money. Around March 2016, Plaintiff also was informed by the IRS that a 2015 1099 was filed using Plaintiff's ID for unreported income in 2015.

As relief, Plaintiff seeks rescission of all 1099s, 20 years of anti-fraud services, punitive damages, and settlement/closure of the related IRS case.

**II.     Discussion**

Based on the allegations in the complaint, it appears that Plaintiff currently has an action pending regarding her federal income tax liability in the United States Tax Court. Insofar as the present action implicates her federal income tax liability, this court lacks jurisdiction over her claims. Federal income tax liability falls exclusively within the jurisdiction of the United States Tax Court. See 26 U.S.C. § 7442; see also Guthrie v. Everson, No. 2:08-cv-1972 LKK JFM PS, 2008 WL 5323030, at *2 (E.D. Cal. Nov. 20, 2008), report and recommendation adopted, No. 2:08-cv-1972 LKK JFM PS, 2009 WL 667202 (E.D. Cal. Mar. 13, 2009).

Insofar as Plaintiff is seeking to have the 1099s issued by defendants voided, this court also lacks jurisdiction. The Declaratory Judgment Act allows courts to "declare the rights and other legal relations" of parties within its jurisdiction, but not "with respect to [f]ederal taxes." 28 U.S.C. § 2201(a). Further, any determination by the court that Plaintiff did not receive any income from the sale of goods on amazon.com in 2013 and 2015 would be a determination of Plaintiff's underlying tax liability. As stated, however, the court lacks authority to determine a party's tax liability. See Sterling Consulting Corp. v. United States, 245 F.3d 1161, 1166 (10th Cir. 2001) ("[T]here are no relevant exceptions under the Declaratory Judgment Act that permit the district court to determine [a party's] tax liabilities.").

To the extent that Plaintiff is attempting to assert a claim against defendants for a fraudulent information return, Plaintiff has not stated a cognizable claim. Under 26 U.S.C. § 7434(a), a person may not "willfully file[ ]" with the IRS "a fraudulent information return with respect to payments purported to be made to any other person[.]" For the purposes of § 7434(a), an "information return" refers to an enumerated list of statements filed with the IRS pursuant to the United States Tax Code. *Id.* § 7434(f). The statute authorizes the person on whose behalf the

fraudulent information return was filed to bring a civil action for damages against the person filing the return. *Id.* § 7434(a); *Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 569 (2d Cir. 2011) (discussing legislative intent of § 7434 to address the fact that some taxpayers may suffer significant personal loss and inconvenience as the result of the IRS receiving fraudulent information returns, "which have been filed by persons intent on either defrauding the IRS or harassing taxpayers"). As a claim pursuant to § 7434 alleges fraud by definition, Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies. *See Kearns v. Ford Motor Company*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9 requires that a party alleging fraud or mistake must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b).

Assuming, without deciding, that the form referenced by Plaintiff is an information return subject to § 7434, Plaintiff has not pled sufficient facts to demonstrate that any of the defendants willfully filed the allegedly false information returns. "Willfuness in the context of § 7434 means "intentional wrongdoing." *See Gidding v. Zurich Am. Ins. Co.*, No. 15-cv-01176-HSG, 2016 WL 4088865, at *6 (N.D. Cal. Aug. 2, 2016). "[A]lthough Rule 9(b) permits knowledge and intent to be pled in general terms, a plaintiff still must allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *San Francisco Tech., Inc. v. GlaxoSmithKline LLC*, No. 5:10-cv-03248-JF/NJV, 2011 WL 941096, at *3 (N.D. Cal. Mar. 16, 2011) (internal quotation and citation omitted). There is nothing in Plaintiff's allegations from which the court may reasonably infer that defendants acted with the requisite state of mind, i.e., that defendants willfully filed false returns or that they intended to either defraud the IRS or otherwise harass Plaintiff. Plaintiff will be given leave to cure this deficiency if she can do so in good faith.

## **CONCLUSION AND ORDER**

For the reasons stated, Plaintiff has failed to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to cure the identified deficiencies to the extent she is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, Plaintiff is reminded that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: __**March 7, 2018**__        /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE