| | |
|---|---|
| LORAINE GOODWIN, | Case No. 1:17-cv-01157-AWI-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE |
| v. | |
| AMAZON SERVICES, LLC, et al., | |
| Defendants. | (ECF No. 2) |
| | **FOURTEEN (14) DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**I.  Background**

Plaintiff Loraine Goodwin ("Plaintiff") proceeds pro se in this civil action and has paid the filing fee.

On March 8, 2018, the Court issued a screening order granting Plaintiff leave to file an amended complaint within thirty (30) days, noting that the Court lacked jurisdiction over claims implicating Plaintiff's federal income tax liability. (ECF No. 2.) The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (Id. at 5.) Plaintiff's first amended complaint was due on or before April 10, 2018. Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

1

**II.     Failure to Prosecute and Failure to Obey a Court Order**

   **A.     Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

   **B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and she has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's screening order expressly warned Plaintiff that her failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 2, p. 5.) Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

### III. Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim, for failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 17, 2018**        /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE