# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORAINE GOODWIN,<br><br>    Plaintiff<br><br>    v.<br><br>AMAZON.COM, LLC and DOES 1-20,<br><br>    Defendants | CASE NO. 1:17-CV-1157 AWI BAM<br><br>ORDER CLOSING CASE<br><br>(Doc. No. 3) |

On April 18, 2018, the Magistrate Judge assigned to this matter issued a Findings and Recommendation ("F&R") for the case to be dismissed with prejudice for failure to state a claim, failure to obey a court order, and failure to prosecute.[1] See Doc. No. 3.

On April 27, 2018, Plaintiff filed objections to the F&R. See Doc. No. 4. In the objections, Plaintiff explains that time was of the essence when she filed suit in 2017. See id. By the time the complaint was screened, her circumstances had materially changed. See id. Given the passage of time from filing to the F&R, Plaintiff states that she "would just be happy for the return of her $400 filing fee and the current case dropped." Id.

In light of Plaintiff's pro se status, the Court reads the quoted sentence as a request to dismiss this case. Federal Rule of Civil Procedure 41(a)(1), in relevant part, reads:

---

[1] The Magistrate Judge had previously screened Plaintiff's complaint and found that the Court lacked jurisdiction because the claims implicated Plaintiff's federal income tax liability. See Doc. Nos. 2, 3. Plaintiff was given thirty days to file an amended complaint, but failed to do so. See id. When Plaintiff did not file an amended complaint, the F&R issued. See Doc. No. 3.

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Dismissals under Rule 41(a)(1)(A), when properly filed, are effective immediately and do not require a court order/court approval. See Fed. R. Civ. P. 41(a)(1); Yesh Music v. Lakewood Church, 727 F.3d 356, 362 (5th Cir. 2013); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

Here, no answers to Plaintiff's complaint and no motions for summary judgment have been filed, and it appears that no such documents have been served. Because Plaintiff has exercised her right to voluntarily dismiss her complaint under Rule 41(a)(1), this case has terminated automatically. See Fed. R. Civ. P. 41(a)(1)(A)(i); Wilson, 111 F.3d at 692.

With respect to Plaintiff's request for the return of her $400 filing fee, it is regrettable that the case load of the Eastern District of California is such that several months passed before Plaintiff's complaint was screened. However, when the Complaint was screened, the Magistrate Judge discovered significant jurisdictional problems with the Complaint. Without jurisdiction, the Court could not give Plaintiff any relief. Rivera v. RRB, 262 F.3d 1005, 1008 (9th Cir. 2001) ("[W]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting Ex parte McCardie, 74 U.S. 506, 514 (1868)). If the case had been dismissed earlier on a jurisdictional basis, Plaintiff would not be entitled to her filing fee. Moreover, the Court sees literally hundreds of cases that are voluntarily dismissed under Rule 41(a)(1), and in none of those cases is the filing fee returned. There is no basis or administrative mechanism in place for the return of Plaintiff's filing fee.

//

//

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk shall CLOSE this case in light of Plaintiff's Rule 41(a)(1) voluntary dismissal; and

2. The Court declines to adopt the Findings and Recommendation (Doc. No. 3) as moot in light of the voluntary dismissal.

IT IS SO ORDERED.

Dated:  May 8, 2018

_____
SENIOR DISTRICT JUDGE